# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**VERSATUBE CORPORATION**, a Michigan corporation,

       Plaintiff,

Case No. 18-cv-10806

v

**FEDERAL INSURANCE COMPANY**, an Indiana corporation,

       Defendant.

_____/

| | |
|---|---|
| PAUL S. MILLER (P48025) <br> SHAUN B. ISGRIGG (P78232) <br> **SCHMIDT, ISGRIGG, ANDERSON & MILLER, PLLC** <br> Attorneys for Plaintiff <br> 2745 Pontiac Lake Road <br> Waterford, MI 48328 <br> (248)682-8800 <br> paul@siamattorneys.com | MICHELE A. CHAPNICK (P48716) <br> **GREGORY AND MEYER, P.C.** <br> Attorneys for Defendant <br> 340 E. Big Beaver Road, Ste. 520 <br> Troy, MI 48083 <br> (248) 689-3920 <br> mchapnick@gregorylaw.com |

_____/

## NOTICE OF REMOVAL BASED ON DIVERSITY OF CITIZENSHIP

**NOW COMES** Defendant, Federal Insurance Company, by and through its attorneys, Gregory and Meyer, P.C., and pursuant to 28 U.S.C.A. §1441, 1446 and E.D.Mich. LR 81.1, hereby files this Notice of Removal of a cause of action filed in the 6th Judicial Circuit Court (Oakland County Circuit Court) of the State of

Michigan entitled, *Versatube Corporation v. Federal Insurance Company*, Case No. 2018-163638-CB, and states:

1. This action was commenced in the 6th Judicial Circuit Court, Oakland County, Michigan on February 6, 2018 and process as well as the initial pleading setting forth the claim for relief upon which the action is based, was first served on the Defendant on February 12, 2018.

2. Because the Notice of Removal is being filed within thirty (30) days of service of the Complaint, removal is timely under 28 USC §1446(b).

3. The action is a civil action for breach of contract and declaratory relief and pursuant to 28 U.S.C.A §1332(a)(1) and Rule 57 of the Federal Rules of Civil Procedure, this Court has original jurisdiction over the matter.

4. There exists complete diversity of citizenship of the parties.  Plaintiff is incorporated in the State of Michigan (Complaint, ¶1).  Defendant Federal Insurance Company is incorporated in Indiana and has its principal place of business in New Jersey (Complaint ¶2).

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interests. Plaintiff's Complaint alleges that it has submitted supplemental claims to Defendant for which Plaintiff seeks recovery (Complaint ¶12, 13, 14-19).  Plaintiff's supplemental claims relate to an allegedly

damaged large structural beam (**Exhibit 1**) and an alleged mold claim (**Exhibit 2**). Plaintiff has informed Defendant that its alleged damages associated with the claim relating to the structural beam exceeds $100,000 and Plaintiff's alleged damages associated with the mold claim amounts to approximately $20,000. In addition, Plaintiff has informed Defendant's counsel that it also seeks recovery in this litigation for some part of an electrical transformer issue, the damages of which Plaintiff believes are in excess of $1,000,000 (**Exhibit 3**). In addition, Plaintiff's Complaint alleges that Plaintiff sustained the following additional damages for which it seeks recovery in this matter "loss of business, loss of contracts, loss of income, loss of use of the Subject Property and loss of reputation, with such losses being continuous and ongoing." (Complaint ¶ 26).

6. Venue is proper in this Court pursuant to 28 U.S.C. §102(a)(1) because it is the district and division embracing the place where such action is pending in accordance with 28 U.S.C. §1441(a).

7. No previous application has been made for the relief requested herein.

8. A copy of all process, pleadings, and orders served upon Defendant as well as a Proof of Service of written notice of this Notice of Removal to all adverse parties and a copy of same being filed with the clerk of the State court is being filed with this notice as required by 28 USC §1446(a) and (d).

9. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff, and a copy is also being filed with the Clerk of the Circuit Court for the County of Oakland, State of Michigan.

WHEREFORE, Defendant respectfully requests that this action be removed from the State of Michigan, Circuit Court for the County of Oakland, to the United States District Court for the Eastern District of Michigan, and that this Court assume jurisdiction of this action and make such further orders as may be required to properly determine this controversy.

/s/ Michele A. Chapnick
MICHELE A. CHAPNICK
GREGORY AND MEYER, P.C.
Attorneys for Defendant
340 E. Big Beaver, Ste. 520
Troy, MI 48083
(248) 689-3920
P48716

Dated: March 12, 2018           mchapnick@gregorylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

PAUL S. MILLER
SHAUN B. ISGRIGG
**SCHMIDT, ISGRIGG, ANDERSON &**
**MILLER, PLLC**
2745 Pontiac Lake Road
Waterford, MI  48328
paul@siamattorneys.com

And a copy served on Oakland County Circuit Court Clerk by MiFile/Truefiling system on March 12, 2018.

/s/ Michele A. Chapnick
MICHELE A. CHAPNICK
GREGORY AND MEYER, P.C.
Attorneys for Defendant
340 E. Big Beaver, Ste. 520
Troy, MI 48083
(248) 689-3920
P48716
mchapnick@gregorylaw.com

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/Pages/efiling.

Original - Court
1st copy - Defendant
2nd copy - Plaintiff
3rd copy - Return

Approved, SCAO

FILED   Received for Filing   Oakland County Clerk   2/6/2018 1:28 PM

| STATE OF MICHIGAN | | | CASE NO. |
|---|---|---|---|
| 6th | JUDICIAL DISTRICT | **SUMMONS AND COMPLAINT** | 2018-163638-CB |
| | JUDICIAL CIRCUIT | | 18  CB |
| | COUNTY PROBATE | | JUDGE JAMES M. ALEXANDER |

Court address: 1200 N. Telegraph Road, Pontiac, MI 48341
Court telephone no.: 248 858-0582

**Plaintiff's name(s), address(es), and telephone no(s).**
Versatube Corporation
4755 Rochester Road
Troy, Michigan 48085
248 689-7373

v

**Defendant's name(s), address(es), and telephone no(s).**
Federal Insurance Company
c/o CT Corporation System
150 West Market Street, Suite 800
Indianapolis, Indiana 46204

Federal Insurance Company
251 North Illinois, Suite 1100
Indianapolis, Indiana 46204

**Plaintiff's attorney, bar no., address, and telephone no.**
Paul S. Miller P48025
2745 Pontiac Lake Road
Waterford, Michigan 48328
(248) 682-8800

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 2/6/2018 | 05/08/2018 | Lisa Brown |

**Family Division Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court. The name of the court, file number, and details are on page _____ of the attached complaint.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action  ☐ remains  ☐ is no longer  pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**Civil Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in Oakland County Circuit Court.
The action  ☑ remains  ☐ is no longer  pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| Case No. 16-155277-CB | James Alexander | P23289 |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Troy, Michigan | Indianapolis, Indiana |
| Place where action arose or business conducted | |
| Troy, Michigan, Oakland County, Michigan | |

| Date: February 6, 2018 | Signature of attorney/plaintiff: /s/ Paul S. Miller (P48025) |
|---|---|

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (6/17)  **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

Note to Plaintiff: The summons is invalid unless served on or before its expiration date.

**SUMMONS AND COMPLAINT**
Case No. 18　　　　CB

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

☐ **OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

OR

☐ **AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complet address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
　　　　　　　　　　　　　　　　　　Date

My commission expires: _____ Signature: _____
　　　　　　　　　　　Date　　　　　　　　　　　　　Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Attachments

_____ on _____
　　　　　　　　　　　　Day, date, time

_____ on behalf of _____ .
Signature

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/Pages/efiling.

## STATE OF MICHIGAN

### IN THE 6th CIRCUIT COURT FOR THE COUNTY OF OAKLAND

| | |
|---|---|
| VERSATUBE CORPORATION, a Michigan corporation,<br><br>                Plaintiff.<br>v.<br><br>FEDERAL INSURANCE COMPANY, an Indiana corporation,<br><br>                Defendant, _____/ | 2018-163638-CB<br>Case No. 18-_____-CK<br>Hon. Judge<br>JUDGE JAMES M. ALEXANDER |

MARK G. COOPER (P52657)
Jaffee, Raitt, Heuer Weiss, P.C.
Attorney for Defendant
27777 Franklin road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
mcooper@jaffelaw.com

PAUL S. MILLER (P48025)
SHAUN B. ISGRIGG (P78232)
Schmidt, Isgrigg, Anderson & Miller, PLLC
Attorneys for Plaintiff
2745 Pontiac Lake Road
Waterford, Michigan 48328
(248) 682-8800
paul@siamattorneys.com
_____/

### COMPLAINT AND PETITION FOR ORDER TO SHOW CAUSE, DECLARATORY JUDGMENT AND DAMAGES

A civil action between these parties or other parties arising out of the transaction or occurrence alleged out of the transaction or occurrence alleged in the complaint has been previously filed in this Oakland County Circuit Court, Case No. 2016-155277-CB and was assigned to Judge James Alexander. The action remains pending.

FILED    Received for Filing    Oakland County Clerk    2/6/2018 1:27 PM

NOW COMES Versatube Corporation, a Michigan corporation, by and through its counsel, Schmidt, Isgrigg, Anderson & Miller, PLLC, and states the following for its Complaint and Petition for Order to Show Cause, Declaratory Judgment and Damages against Federal Insurance Company, an Indiana corporation:

1. Versatube Corporation is a Michigan corporation with its principal place of business located in Oakland County, Michigan.

2. Federal Insurance Company is an Indiana insurance company incorporated under the laws of Indiana that is licensed to do business in the State of Michigan and conducts business in Oakland County, Michigan.

3. The amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00). In addition to other relief, Versatube Corporation ("Plaintiff") seeks declaratory relief pursuant to this Court's equitable powers. Plaintiff was insured under a one year commercial building and personal property policy of insurance issued by Federal Insurance Company ("Defendant") with policy number 3592-69-67 EUC, which was effective December 1, 2014, and expired December 1, 2015, for which premiums were paid to and accepted by Defendant. Defendant is in possession of the Insurance Policy.

4. Under the Premises Coverages section of the insurance contract, insurance company Defendant agreed, "we will pay for direct physical loss or damage to building or personal property caused by or resulting from a peril not otherwise excluded not to exceed the applicable limit of insurance for building or personal property shown in the declarations."

5. Pursuant to the Property/Business Income Conditions and Definition section, building means a structure, building components, completed additions, additions to the structure under construction, and alterations and repairs to the structure.

6. Pursuant to the Property/Business Income Conditions and Definition section, building components means glass forming a part of a structure, personal property consisting of materials, machinery, equipment, supplies, and temporary structures used for making additions or repairs to a structure; outdoor fixtures; outdoor and indoor signs; permanently installed fixtures machinery and equipment; and personal property used to maintain or service a structure for its premises.

7. Pursuant to the Property/Business Income Conditions and Definition section, personal property means all of your business personal property; business personal property you lease; personal property of others; labor, materials, and services furnished or arranged by you on personal property of others; signs, fixtures, glass, and other tenants improvements and betterments; and glass and buildings you do not own if you are legally or contractually required to maintain such glass.

8. Plaintiff operates a manufacturing facility at 4755 Rochester Road, Troy, Michigan 48085 (the "Subject Property"). On February 6, 2015, a fire occurred in the Subject Property. The Subject Property was severely damaged along with various equipment located inside the facility.

9. As a direct result of the fire, the Troy Fire Department was summoned to the Subject Property and utilized fire fighting equipment including, but not limited to, water to control and extinguish the fire.

10. Shortly after the fire, Plaintiff submitted proof of loss to the Defendant.

11. Restoration work to repair the Subject Property was contracted out to Belfor Group USA, Inc. ("Belfor"). Currently there is litigation pending between Belfor and Plaintiff to wit: <u>Belfor Group USA, Inc.</u> v <u>Versatube Corporation and Good Development Holdings, LLC</u>, Case No. 16-155277-CB, whereby Plaintiff has alleged that Belfor has failed to complete the fire restoration

3

services and/or the work which was performed was not performed in accordance with industry standards, codes and the contract.

12. Plaintiff has discovered further damage at the Subject Property that was not addressed or repaired during the initial repair work.

13. Plaintiff has submitted its additional supplemental claims to Defendant, which have yet to be formally determined to be coverable or not.

## COUNT I - BREACH OF CONTRACT

14. Plaintiff incorporates by reference and realleges all preceding paragraphs as if fully restated herein.

15. Under the insurance policy, Defendant owes a duty to Plaintiff to pay for loss and/or damages to the covered property at the premises insured.

16. Due to the fire, damages occurred to the Plaintiff's Subject Property.

17. Defendant's contractual duty requires Defendant to timely investigate and pay on the policy.

18. Defendant has breached this duty by failing to timely render a decision on the supplemental claims.

19. As a result of Defendant's breach of its contractual duty, Plaintiff has been damaged in that they have sustained damage to the Subject Property, sustained the loss of use of certain damaged areas of its facility, and have ongoing structural and safety issues as a result of the prior restoration work that need to be addressed to insure Plaintiff is able to continue its manufacturing operations.

FILED Received for Filing Oakland County Clerk 2/6/2018 1:27 PM

WHEREFORE, Plaintiff respectfully request that this Honorable Court determine the following:

A. The rights and other legal obligations of Plaintiff and Defendant with regard to the insurance policies, requiring Defendant to pay on the claim.

B. That this Honorable Court order a speedy hearing of this action for declaratory relief and advance the action for hearing on the Court's calendar.

C. For actual and exemplary damages in excess of Twenty-Five Thousand Dollars ($25,000.00) plus cost, interest, and attorney fees.

D. For such other and further relief as this Honorable Court may deem just and proper in addition to the costs and attorney fees of this action.

E. For Defendant to pay statutory interest at the current interest rate under MCL 500.2006.

## COUNT II - DECLARATORY RELIEF

20. Plaintiff incorporates by reference and realleges all preceding paragraphs as if fully restated herein.

21. Defendants contractual and statutory duties require that they pay properly presented claims in a timely manner.

22. Plaintiffs have timely submitted statements regarding their loss to Defendant.

23. Defendant has failed to investigate and pay on the properly submitted claims.

24. An actual, existing, and bona fide controversy exists between Plaintiff and Defendant as to their legal relations in respect to the language of the insurance policy(s) and the rights of the parties must be determined by a declaratory judgment.

5

FILED   Received for Filing   Oakland County Clerk   2/6/2018 1:27 PM

WHEREFORE, Plaintiff respectfully request that this Honorable Court determine the following:

A. The rights and other legal obligations of Plaintiff and Defendant with regard to the insurance policies, requiring Defendant to pay on the claim.

B. That this Honorable Court order a speedy hearing of this action for declaratory relief and advance the action for hearing on the Court's calendar.

C. For actual and exemplary damages in excess of Twenty-Five Thousand Dollars ($25,000.00) plus cost, interest, and attorney fees.

D. For such other and further relief as this Honorable Court may deem just and proper in addition to the costs and attorney fees of this action.

E. For Defendant to pay statutory interest at the current interest rate under MCL 500.2006.

## COUNT III - DAMAGES

25. Plaintiff incorporates by reference and realleges all preceding paragraphs as if fully restated herein.

26. As a direct and proximate result of the above facts and omissions of Defendant, Plaintiff has sustained damages as follows: loss of business, loss of contracts, loss of income, loss of use of the Subject Property, and loss of reputation, with such losses being continuous and ongoing.

WHEREFORE, Plaintiff respectfully request that this Honorable Court determine the following:

FILED Received for Filing Oakland County Clerk 2/6/2018 1:27 PM

  A. The rights and other legal obligations of Plaintiff and Defendant with regard to the insurance policies, requiring Defendant to pay on the claim.

  B. That this Honorable Court order a speedy hearing of this action for declaratory relief and advance the action for hearing on the Court's calendar.

  C. For actual and exemplary damages in excess of Twenty-Five Thousand Dollars ($25,000.00) plus cost, interest, and attorney fees.

  D. For such other and further relief as this Honorable Court may deem just and proper in addition to the costs and attorney fees of this action.

  E. For Defendant to pay statutory interest at the current interest rate under MCL 500.2006.

## COUNT IV - RELIEF

27. Plaintiff incorporates by reference and realleges all preceding paragraphs as if fully restated herein.

28. Plaintiff request that this Court consider this Complaint as a petition for an Order to Show Cause to be issued against the Defendant named herein, requiring the Defendant to Show Cause, if it might have any, as to why Defendant has refused to pay on the insurance claim.

WHEREFORE, Plaintiff respectfully request that this Honorable Court determine the following:

  A. The rights and other legal obligations of Plaintiff and Defendant with regard to the insurance policies, requiring Defendant to pay on the claim.

  B. That this Honorable Court order a speedy hearing of this action for declaratory relief and advance the action for hearing on the Court's calendar.

FILED Received for Filing Oakland County Clerk 2/6/2018 1:27 PM

C. For actual and exemplary damages in excess of Twenty-Five Thousand Dollars ($25,000.00) plus cost, interest, and attorney fees.

D. For such other and further relief as this Honorable Court may deem just and proper in addition to the costs and attorney fees of this action.

E. For Defendant to pay statutory interest at the current interest rate under MCL 500.2006.

DATED: February 6, 2018

Respectfully submitted,

SCHMIDT, ISGRIGG, ANDERSON & MILLER

By: _____
Paul S. Miller (P48025)
Shaun B. Isgrigg (P78232)
Attorneys for Plaintiff
2745 Pontiac Lake Road
Waterford, Michigan 48328
(248) 682-8800

**PROOF OF SERVICE**

I certify this document was served on all parties to this action via electronic filing to each of the parties or attorneys of record at their last known e-mail address on file with Oakland County Circuit Court electronic filing (wiz.net) on February 6, 2018.

/s/ Deborah Ann Beauvais
Deborah Ann Beauvais

S:\SIAM CLIENTS\Versatube Corp\Complaint Dec versatube v federal ins\Complaint and Petition Versatube v Federal Ins Co.wpd

FILED Received for Filing Oakland County Clerk 2/6/2018 1:27 PM